IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

                                  Case No.  06-32767

JACKIE LYNN REYES
a/k/a JACLYN HOUSTON

        Debtor

## MEMORANDUM ON DEBTOR'S
## MOTION TO ALTER OR AMEND DISMISSAL ORDER

**APPEARANCES:**    JACKIE LYNN REYES
                              7755 Wood Road
                              Corryton, Tennessee  37721

                              12251A Hand Road
                              Collinsville, Mississippi  39325
                              Debtor, *Pro Se*

                              MOSTOLLER, STULBERG & WHITFIELD
                              Ann Mostoller, Esq.
                              136 South Illinois Avenue
                              Suite 104
                              Oak Ridge, Tennessee  37830
                              Chapter 7 Trustee

                              RICHARD F. CLIPPARD, ESQ.
                              UNITED STATES TRUSTEE
                              Patricia C. Foster, Esq.
                              800 Market Street
                              Suite 114
                              Knoxville, Tennessee  37902
                              Attorneys for United States Trustee


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the motion, entitled in material part, "Motion, by Debtor, to Alter or Amend January 11, 2007 Order Dismissing the Debtor's Entire Chapter 7 Case Number 3:06BK-32767 for Not Timely Filing Statements, Schedules, and Other Documents"[1] (Motion to Alter or Amend) filed by the Debtor, *pro se*, on January 23, 2007, asking the court to amend its Order entered on January 11, 2007, dismissing this bankruptcy case "to state that [the Debtor's bankruptcy] case has been dismissed for the Debtor's failure to complete her course in financial management and her failure to appear before the Court on January 11, 2007."

The Debtor filed the Voluntary Petition commencing her case under Chapter 7 of the Bankruptcy Code on November 20, 2006. She did not, however, file any of her statements, schedules, or payment advices as required by 11 U.S.C. § 521 (2005), and an Order Regarding Certain Unfiled Documents was entered on November 21, 2006, directing the Debtor to file the following documents by December 5, 2006: (1) a Statement of Financial Affairs; (2) a Summary of Schedules; (3) a Statistical Summary of Certain Liabilities and Related Data; (4) a Statement of Current Monthly Income and Means Test Calculation; (5) Schedules A through J; and (6) her Payment Advices Statement. On December 5, 2006, the Debtor filed a "Motion for Extension of Time to File Schedules, Statements, Etc." suggesting by the title that she was requesting an extension of the time for filing her statements, schedules, and other required documents. Because this motion,

---

[1] The motion is entitled in its entirety as "Motion, by Debtor, to Alter or Amend January 11, 2007 Order Dismissing the Debtor's Entire Chapter 7 Case Number 3:06BK-32767 for Not Timely Filing Statements, Schedules, and Other Documents, and Motion, by Debtor, to Alter or Amend January 11, 2007 Order Directing That the Mater of Civil Action Number 44003DT in the General Sessions Court for Knox County, Tennessee is Remanded to That Court." The motion was also docketed in Adversary Proceeding No. 06-3172 to consider issues related to the court's Order of Remand raised by the Debtor.

2

in fact, sought no such extension, the court, pursuant to an Order entered on December 7, 2006, denied the motion but nonetheless allowed the Debtor though December 27, 2006, to file her statements, schedules, and other documents required by subdivisions (b)(1) and (4) of Interim Rule 1007(b) of the Federal Rules of Bankruptcy Procedure.[2]

On December 29, 2006, the court entered an Order directing the Debtor to appear on January 11, 2007, and show cause why her case should not be dismissed upon her failure to file the required statements, schedules, and other documents by December 27, 2006, as directed by the court in its December 7, 2006 Order. The Debtor did not appear at the January 11, 2007 show cause hearing, and the court entered an Order on the same date dismissing the Debtor's bankruptcy case because she did not file the required statements, schedules, and other documents within 45 days as mandated by 11 U.S.C. § 521(i)(1) (Dismissal Order). As a result of her inaction, this bankruptcy case was "automatically dismissed" on January 5, 2007. The Debtor filed her Motion to Alter or Amend on January 23, 2007, arguing that because no party in interest requested entry of an order of dismissal, the Dismissal Order is void because it references § 521(i)(2) as a basis for entry of the order. She also argues that, pursuant to Rule 1017 of the Federal Rules of Bankruptcy Procedure, a case may be dismissed under 11 U.S.C. § 707(a)(3) (2005) only upon a motion of the United States Trustee and after notice and a hearing.

---

[2] The relief actually requested in the Motion for Extension of Time was "for this court to be stayed pending revelation of the 'mystery documents' and pending an order by the U.S. Bankruptcy Court in the Southern District of Mississippi as to which District the Debtor is to proceed. The Debtor also informally requests that Judge Stair remove himself from the case."

As an initial matter, the Motion to Alter or Amend filed on January 23, 2007, is untimely. Rule 59(e) of the Federal Rules of Civil Procedure states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e) (applicable to bankruptcy proceedings by virtue of Federal Rule of Bankruptcy Procedure 9023). "Motions to alter or amend [a] judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1998) (internal citations omitted). The Dismissal Order constitutes a final order for purposes of Rule 59(e). *Badalyan v. Holub (In re Badalyan)*, 236 B.R. 633, 635 (B.A.P. 6th Cir. 1999).

The Debtor was required by Rule 59(e) to file any motion to alter or amend within ten days after January 11, 2007, the date upon which the court entered the Dismissal Order. This 10-day period expired on January 21, 2007; however, because this date fell on a Sunday, the Debtor had an extension through Monday, January 22, 2007, pursuant to Rule 9006(a) of the Federal Rules of Bankruptcy Procedure.³ Her Motion to Alter or Amend, filed on January 23, 2007, fell outside this 10-day period and shall be denied as untimely. *See Taylor v. Freeland & Kronz*, 112 S. Ct. 1644, 1648 (1992) ("Deadlines may lead to unwelcome results, but they prompt parties to act and they produce finality.").

---

³ Rule 9006(a) provides, in material part, as follows:

> In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, . . . the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

FED. R. BANKR. P. 9006(a).

4

Moreover, the court finds that, pursuant to § 521(i)(1), the Debtor's case was automatically dismissed by operation of law on January 5, 2007, upon her failure to file her statements, schedules, and other documents as required by § 521(a)(1), irrespective of whether a party in interest requested entry of an order of dismissal pursuant to § 521(i)(2). Section 521(a)(1) states that:

(a) The debtor shall—

    (1) file—

        (A) a list of creditors; and

        (B) unless the court orders otherwise—

            (i) a schedule of assets and liabilities;

            (ii) a schedule of current income and current expenditures;

            (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—

                . . . .

                (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;

            (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;

            (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

            (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition[.]

11 U.S.C. § 521(a)(1). To ensure compliance with § 521(a)(1), § 521(i) provides as follows:

> (i)(1) Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 . . . fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.
>
> (2) Subject to paragraph (4) and with respect to a case described in paragraph (1), any party in interest may request the court to enter an order dismissing the case. If requested, the court shall enter an order of dismissal not later than 5 days after such request.
>
> (3) Subject to paragraph (4) and upon request of the debtor made within 45 days after the date of the filing of the petition described in paragraph (1), the court may allow the debtor an additional period of not to exceed 45 days to file the information required under subsection (a)(1) if the court finds justification for extending the period for the filing.
>
> (4) Notwithstanding any other provision of this subsection, on the motion of the trustee filed before the expiration of the applicable period of time specified in paragraph (1), (2), or (3), and after notice and a hearing, the court may decline to dismiss the case if the court finds that the debtor attempted in good faith to file all the information required by subsection (a)(1)(B)(iv) and that the best interests of creditors would be served by administration of the case.

11 U.S.C.A. § 521(i). In summary, a case is "automatically" dismissed on the 46th day if an individual debtor fails to file any of the documents set forth in § 521(a)(1), including statements, schedules, and payment advices. Under § 521(i)(3), the court may allow a debtor an additional 45 days if the request is made prior to the expiration of the initial 45 days, and the court finds justification to do so. Under § 521(i)(4), the court may decline to dismiss for failure to file § 521(a)(1) documents only if the trustee files a motion before the 45-day period expires, after notice and a hearing, and upon a showing that not dismissing would be in the best interests of creditors and

the debtor has made a good faith effort to produce all payment advices. In this case, neither § 521(i)(3) or (4) is applicable.

The cases are clear that there is no discretion. Barring a timely-filed motion by the trustee, the case must be dismissed. *In re Spencer*, 2006 WL 3820702, at *1, 2006 Bankr. LEXIS 3558, at *2 (Bankr. D.D.C. Dec. 22, 2006) ("[F]or a case to be dismissed pursuant to § 521(i)(1), there is no necessity for notice and a hearing, no showing of cause is required, and the court has no discretion not to dismiss the case."); *In re Lovato*, 343 B.R. 268, 270 (Bankr. D.N.M. 2006) ("After the expiration of the time limits set forth in 11 U.S.C. § 521(i)(1), the Court is left with no discretion to allow the Debtor additional time within which to comply with the requirement for submission of payment advices."); *In re Ott*, 343 B.R. 264, 265 (Bankr. D. Colo. 2006) ("After the expiration of the specified period set forth in 11 U.S.C. § 521(i)(1), there are no exceptions, no excuses, only dismissal and the consequences that flow therefrom.").

> [A bankruptcy court] has no discretion to produce an "equitable" result in this case. "Although § 105(a) of the Bankruptcy Code . . . authorizes bankruptcy courts to fashion such orders as are necessary to further the substantive provisions of the Code, that provision does not . . . empower bankruptcy courts to act as roving commissions to do equity." Although the Court certainly acknowledges the applicability of equitable powers and the doctrine of "relation back" in particular contexts, the Debtor's statutory duty under § 521(a)(1) to file certain documents is both clear and unforgiving. In this case, either all pay[ment] advices received by the Debtor were timely filed with the Court or they were not. They were not, and specific consequences follow therefrom. The Court simply cannot do violence to a specific statutory scheme in the name of equity.

*In re Wilkinson*, 346 B.R. 539, 545 (Bankr. D. Utah 2006).

Dismissal occurs as a matter of law, and it is not, therefore, necessary for a party in interest to file a motion under § 521(i)(2) in order for the dismissal to occur.

7

> [Section 521(i)(1)] provides that the case is automatically dismissed on the 46th day if an individual debtor fails to file the § 521(a)(1) papers within 45 days of filing the petition. Automatic means "acting or operating in a manner essentially independent of external influence or control." Section 521(i)(1) does not contemplate any independent action by the Court or any other party— the case is merely dismissed by operation of the statute itself.

*In re Fawson*, 338 B.R. 505, 510 (Bankr. D. Utah 2006) (footnote omitted). Despite the Debtor's contention to the contrary, the language of § 521(i)(2) that a party in interest "may" request an order supports this determination. "Section 521(i)(2) requires an affirmative act from the court but only upon request of a party in interest. . . .This affirmative act does not . . . change the legal effect of § 521(i)(1). The debtor's case is simply dismissed." *Fawson*, 338 B.R. at 511.

Finally, the Debtor argues that Rule 1017 mandates that a Chapter 7 case cannot be dismissed for failing to file the documents required by § 521(a)(1), pursuant to § 707(a)(3), unless the United States Trustee files a motion which is set for hearing that all parties in interest receive notice of. While this is basically true, the Debtor fails to take into account the full language of § 521(i)(1), which expressly states that "notwithstanding § 707(a)," a case shall be automatically dismissed if the § 521(a)(1) documents are not filed within 45 days from the petition date. Thus, § 707(a)(3) can only be construed to have application to a motion filed by the United States Trustee, and heard, prior to the automatic dismissal of the case on the 46th day. Accordingly, the requirements of § 707(a) and Rule 1017 do not apply to § 521(i)(1).

An order consistent with this Memorandum will be entered.

FILED: January 31, 2007

BY THE COURT

*/s/ RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE